Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com

Henry Wolfe
LAW OFFICE OF HENRY P. WOLFE LLC
17A Joyce Kilmer Ave. N.
New Brunswick, New Jersey 08901
Email: henry@wolfeconsumerlaw.com

*Attorneys for Plaintiff Sherisce Moore*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERISCE MOORE, *individually and on behalf of those similarly situated,* | Civil Action No. |
| Plaintiff, | |
| vs. | |
| TRANSWORLD SYSTEMS INC.; and JOHN DOES 1 to 10, | **CLASS ACTION COMPLAINT** |
| Defendants. | |

Plaintiff, Sherisce Moore, by way of Class Action Complaint against Defendant,

Transworld Systems Inc. (and John Does 1 to 10), states:

### I.    NATURE OF THE ACTION

1.      This is a proposed class action for damages under the federal Fair Debt Collection

Practices Act (FDCPA) asserting that the Defendant, in the course of its business as a debt

collection agency, has engaged in in the practice of attempting to collect old, stale consumer

debts by sending letters and placing telephone calls to consumers with offers to settle the debts,

without disclosing that the debts were time-barred by the statute of limitations.

2.      For example, the Defendant placed a telephone call to the Plaintiff in July 2020 and sent her a letter in August 2020 stating that she owed a debt of $247 for alleged unpaid fees owed to a school that she attended for one semester seventeen years ago in 2003, and demanding payment without disclosing that the statute of limitations for enforcement of the alleged obligation had long-since expired.

3.      The Plaintiff asserts that such conduct violated the FDCPA, including various subsections of 15 U.S.C. § 1692e (generally prohibiting deceptive or misleading representations or means to attempt to collect a debt) and  § 1692f (generally prohibiting unfair or unconscionable means to attempt to collect a debt) and seeks statutory damages and other relief under 15 U.S.C. § 1692k on behalf of herself and a class of other consumers to whom the Defendant made similar communications to attempt to collect time-barred debts.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      Venue in this action properly lies in the District of New Jersey as Defendant regularly does business in this district.

## III.      PARTIES

6.      Plaintiff, Sherisce Moore ("Moore"), is a natural person residing Voorhees Township, Camden County, New Jersey.

7.      Defendant, Transworld Systems Inc. ("TSI"), is a California corporation with its principal place of business at 150 N Field Drive, Suite 200, Lake Forest Illinois 60045, and is engaged in the purchase and collection of defaulted consumer debts.

8.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants

John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located

within the United States and personally created, instituted and, with knowledge that such

practices were contrary to law, acted consistent with and oversaw policies and procedures used

by the employees of Defendants that are the subject of this Complaint. Those Defendants

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore,

are personally liable for all of the wrongdoing alleged in this Complaint.

9.      In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A. Background

10.     TSI maintains a website at www.tsico.com which is representative of TSI's

business.

11.     Defendant is not in the business of extending credit, selling goods or services to

consumers.

12.     Defendant regularly collects or attempts to collect past-due or defaulted debts

allegedly owed to others which were incurred primarily for personal, family or household

purposes.

13.     Defendant is in the business of collecting past-due or defaulted debts or alleged

debts of natural persons.

14.     Defendant uses the mails, telephone, the internet and other instruments of

interstate commerce in engaging in the business of collecting past-due or defaulted debts or

alleged debts of natural persons which arise from transactions which are primarily for personal,

family, or household purposes.

15.     Defendant is engaged in the debt collection business.

16.     Defendant has asserted that Moore incurred or owed certain financial obligations arising from an account which debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes ("Debt" or "Account").

17.     The debts alleged to be owed by Plaintiff and the proposed class members were incurred for personal, family or household purposes.

18.     Defendant contends that the Account was past-due and in default.

19.     Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendant for collection.

20.     The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

21.     At all times relevant hereto, Defendant acted in attempts to collect the Debt.

22.     In attempts to collect the Debt from Moore, Defendant called Moore on July 31, 2020 ("Collection Call"). Defendant did not disclose that the debt was time-barred. Defendant merely informed Moore that the debt was from 2003.

23.     In response to Moore's request for more information, Defendant mailed a collection letter to Moore on August 11, 2020 ("Letter") and attached as *Exhibit A*. Again, Defendant failed to disclose that the debt was time-barred.

**B.  Time-barred Debt**

24.     Upon information and belief, the Account became delinquent, and therefore in default, in October 2003.

25.     When Defendant placed the Collection Call to Moore, the applicable statute of limitations had run on the Account.

26.     When Defendant sent the Letter, the applicable statute of limitations had run on the Account.

27.     The Letter requests Moore to "[k]indly forward payment to the address listed above and to the attention of the undersigned."

28.     The Collection Call and Letter was an invitation to settle the debt and close the account.

29.     The Collection Call and Letter failed to disclose that the law limits how long a person can be sued for a debt and/or how long a debt can be reported to a credit bureau. Due to the age of the debt, the consumer cannot be sued for it and that payment or non-payment will be reported to the credit bureaus.

30.     The Letter failed to disclose that choosing to "forward payment" could reset or restart the applicable statute of limitations or create a new enforceable settlement or contract.

31.     The Collection Call and Letter failed to disclose that should the applicable statute of limitations reset or begin again, Defendant or a subsequent assignee may have the right to commence legal action, which otherwise would have been barred. Additionally, the Letter failed to provide any assurances that should such an event may occur, that Defendant or a subsequent assignee will waive their right to commence legal action.

32.     Defendant failed to inform Plaintiff, and the least sophisticated consumer, that the applicable statute of limitations has expired and therefore any potential legal liability related to the time-barred debt has also already expired.

33.     Defendant regularly collects or attempts to collect debts which are time-barred.

34.     Defendant regularly places collection calls and sends collection letters seeking to collect time-barred debts that offer opportunities to settle and close the account.

35.     Defendant regularly places collection calls and sends collection letters seeking to collect time-barred debts that offer opportunities to settle and close the account but do not inform the consumer that the applicable statute of limitations could reset or begin again upon making a payment or by entering into a settlement agreement to repay.

36.     Defendant regularly places collection calls and sends letters seeking to collect time-barred debts that offer opportunities to settle and close the account but do not inform the consumer that the applicable statute of limitations could reset or begin again upon payment, which could allow the current or subsequent assignee the option of commencing legal action to enforce the new settlement agreement when the underlying debt would otherwise be barred by the applicable statute of limitations.

37.     Defendant regularly places collection calls and sends collection letters offering to settle debts on which the statute of limitations has expired.

38.     The Federal Trade Commission has found that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.[1]

---

[1] Press Release, Federal Trade Commission, Under FTC Settlement, Debt Buyer Agrees to Pay $2.5 Million for Alleged Consumer Deception (Jan. 30, 2012), http://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged

39.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

40.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer. . . ." to settle (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that collection letters that fail to disclose material information may be misleading.

41.     On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

---

(For the Consent Decree wherein Asset Acceptance promises to stop filing time-barred suits, see http://www.ftc.gov/enforcement/cases-proceedings/052-3133/asset-acceptance-llc).

42.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

43.     "[A]n unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"[2]

44.     Nothing in the Collection Call or Letter disclosed the date of default.

45.     Nothing in the Collection Call or Letter disclosed that the Debt is legally unenforceable in a court of law.

46.     Nothing in the Collection Call or Letter stated that the Debt is barred by the statute of limitations.

47.     Plaintiff believed, as would the least sophisticated consumer would understand, that TSI, or a subsequent assignee, would later sue to collect on the Debt.

48.     Nothing in the Collection Call or Letter disclosed the legal consequences of a settlement or a payment.

---

[2] *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014); *see also Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 429 (3d Cir. 2018) ("in the specific context of a debt-collection letter, the least-sophisticated debtor could be misled into thinking that 'settlement of the debt' referred to the creditor's ability to enforce the debt in court rather than a mere invitation to settle the account."); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) ("a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."); *Buchanan v. Northland Group*, 776 F.3d 393, 399 (6th Cir. 2015) ("a 'settlement offer' with respect to a time-barred debt may falsely imply that payment could be compelled through litigation."); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. 15-8144 (JLL) (SCM), 2016 U.S. Dist. LEXIS 54672, at *23 (D.N.J. Apr. 25, 2016) ("When a debt collector offers to 'settle' a time-barred debt, it is plausible that the legal status of the debt has been misrepresented since it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." (internal quotations marks and citations omitted)).

49.     Nothing in Collection Call or Letter disclosed that a payment would restart the statute of limitations.

50.     In fact, Defendant's request to "forward payment" without disclosing that the Debt is time-barred is deceiving as Plaintiff would have a complete statute of limitations defense to the Debt. The Letter intentionally attempts to go beyond a consumer's good will or good moral character to pay the debt. Instead, the Letter seeks to instill that this is a legally enforceable debt in the mind of the least sophisticated consumer.

51.     Lastly, nothing in the Collection Call or Letter advised Moore that Defendant is barred by law from reporting the Account to a credit reporting agency.

52.     Nothing in the Collection Call or Letter advised Moore that TSI will not report the Account to the credit reporting agency.

53.     On information and belief, the Letter attached as Exhibit A is mass-produced, computer-generated form letter—that is, it was created by merging electronically-stored information about the debts with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiff, from whom Defendant was attempting to collect a debt.

## V.     CLASS ACTION ALLEGATIONS

54.     It is Defendant's policy and practice to mail written collection communications, in the form exemplified in Exhibit A, in an attempt to collect consumer debts.

55.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.     Subject to discovery and further investigation which may cause Plaintiff to modify,

narrow or expand the following class definitions at the time Plaintiff moves for class certification,

Plaintiff seeks certification of a Class initially defined as follows:

> **All natural persons with a New Jersey address to whom a letter
> was mailed, or to whom a collection call was placed, on or after
> March 10, 2020, from Transworld Systems Inc. in an attempt
> to collect a debt on which the applicable statute of limitations
> has expired.**

57.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of

all Class members under the Fair Debt Collection Practices Act.

58.     The Class Claims are those claims arising under the Fair Debt Collection

Practices Act arising from a letter or a collection call, mailed in an attempt to collect a debt on

which the statute of limitations has expired and where Defendant failed to disclose that the debt

is a time-barred debt.

59.     The Class is so numerous that joinder of all members is impracticable and, on

information and belief, exceeds forty members.

60.     There are questions of law and fact common to the members of the Class that

predominate over questions affecting only individuals.

61.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy since joinder of all members is impracticable. The FDCPA

statutory scheme provides for statutory damages payable to each class member. A class action

will cause an orderly and expeditious administration of the claims of the classes and will foster

economies of time, effort and expense.

62.     Plaintiff's claims are typical of the claims of the members of the Class.

63.     The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

64.     Plaintiff does not have interests antagonistic to those of the Class.

65.     The Class, of which Plaintiff is a member, is readily identifiable.

66.     Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

67.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the classes would create the risk that adjudications with respect to individual members of the classes would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

68.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.     CAUSE OF ACTION: VIOLATIONS OF THE FDCPA

69.     The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

70.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

71.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

72.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

73.     The Letter attached as Exhibit A is a "communication" as defined by 15 U.S.C. §

1692a(2).

74.     The Collection Call is a "communication" as defined by 15 U.S.C. § 1692a(2).

75.     Defendant's mailing of the Letter and Collection Call to Plaintiff in attempts to

collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15

U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8),

1692e(9), and 1692e(10)), and 1692f (including subsection 1692f(1))).

76.     Based on any one or more of those violations, Defendant is liable to Plaintiff and

to the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not

limited to, damages, costs, and reasonable attorneys' fees.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sherisce Moore demands judgment against Defendant,

Transworld Systems Inc. as follows:

A.     For certification of this instant matter as a class action, appointing the named
Plaintiff as representative of the Class, and appointing the attorneys of Kim Law
Firm LLC and Law Office of Henry P. Wolfe LLC as class counsel;

B.     An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C.
§ 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff
or the Class a negative tax consequence;

C.     For statutory damages in favor of Plaintiff and the Class pursuant to 15
U.S.C. § 1692k(a)(2);

D.     For attorney's fees, litigation expenses and costs in connection with this
action pursuant to 15 U.S.C. § 1692k(a)(3);

E.     For pre-judgment and post-judgment interest; and

F.     For such other and further relief as the Court deems equitable and just.

## VIII.     JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the

matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.


KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim

LAW OFFICE OF HENRY P. WOLFE LLC

*s/Henry Wolfe*
Henry Wolfe

*Attorneys for Plaintiff*



Dated: March 10, 2021